IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SCOTT STAMMERS,

                Petitioner,

v.

WARDEN EMMERICH, FCI OXFORD,

                Respondent.

OPINION AND ORDER

25-cv-260-wmc

---

    Petitioner Scott Stammers is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Stammers seeks a federal writ of habeas corpus under 28 U.S.C. § 2241 to challenge the calculation of his sentence. (Dkt. #1.) Specifically, Stammers contends that he has been wrongly denied statutory time credits on his sentence due to a detainer entered against him by United States Immigration and Customs Enforcement ("ICE"). The petition will be denied and this action will be dismissed for the reasons explained below.

OPINION

    Petitioner is currently incarcerated as the result of a federal conviction for conspiracy to possess with intent distribute 500 grams or more of methamphetamine for the purpose of unlawful importation in violation of 21 U.S.C. §§ 959(a), 960(b)(1)(H), and 963. *See United States v. Scott Stammers*, No. 1:13-CR-579-01 (N.Y.S.D.). In a judgment dated June 10, 2016, petitioner received a sentence of 181 months' imprisonment followed by a 5-year term of supervised release in that case. (*Id.*) His projected release date is November 3, 2026.

    Petitioner argues that he would be entitled to an earlier release date -- and transfer to

ICE custody -- if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs"). The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

Petitioner concedes that he did not exhaust the BOP administrative remedy process before filing his petition. (Dkt. #1, at 3.) The court need not address the issue of exhaustion, however, because petitioner does not show that he is entitled to relief under 28 U.S.C. § 2241. Petitioner provides an Immigration Detainer from the Department of Homeland Security (dkt. #2-1), advising that a final order of removal has been entered against him. The court also takes judicial notice of a recent motion for a reduction in sentence filed by petitioner in his underlying criminal proceeding, in which he seeks immediate release and transfer to ICE custody for "deportation" because he is "a Deportable Alien." Dkt. #217 in *United States v. Scott Stammers*, No. 1:13-CR-0579-01 (N.Y.S.D.). As a result, even though petitioner has been receiving FTCs for participating in institutional programming, he is not eligible to have those credits applied for an earlier release date. Accordingly, petitioner fails to show that his sentence has been calculated incorrectly and his petition will be denied.

ORDER

IT IS ORDERED that:

1. The federal habeas corpus petition filed by Scott Stammers (dkt. #1) is DENIED and this action is DISMISSED with prejudice.

2. The clerk of court shall enter judgment and close this case.

Entered on this 30th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3